Green, J.
delivered the opinion of the court.
The only question in this case arises upon a motion in arrest of judgment for a variance between the writ and declaration. The writ is in case, and the declaration in debt. The defendant pleaded over to the declaration, upon which issue was joined, and there was a verdict for the plaintiff. By an act of 1794, ch. 1, all the statutes of Great Britain for the amendment of the law commonly called statutes of feoffails, and which theretofore had been in force in North Carolina, are declared to be in full force. The statute 5 George I, ch. 13, (5th vol. Brit. Stat. 43,) declares that no judgment shall be “stayed or reversed for any defect or faulty either in form or substance, in any bill, writ, originial or judicial, or for any variance in such writs from the declaration or other proceedings.” In the case of West vs. Rutledge, 4 Dev. 31, the supreme court of North Carolina enter into a full examination of the history of their legislation upon this subject, and came to a most satisfactory conclusion that this statute had always been in force there. It follows as a consequence that, by force of the act of 1794 above referred to, this act of 5 George I, is in force here. But it is insisted that this statute is limited in its operation by the act 1809} ch. 49, sec. 21, to cure a variance of form only; for by the latter act, it is provided that no amendment shall be allowed whereby the nature of the action shall be changed. Hence it is inferred that as this writ was not amendable by the act of 1809, the variance cannot be cured by the act of 5 George I. It is true, Jhis writ could not have been amended so as to change the nature of the actiop, and had the defendants in the court below pleaded in abatement they would have defeated the plaintiff’s action. But they chose to plead to the declaration in bar, and to have a trial of the cause upon its merits. Having done so, and a verdict having been found against *80 them, the situation of the parties is very much changed, so that the statute of 5 George I, may have its full operation without at all conflicting with the act of 1809. The plaintiffs in error rely on the case of Stamp vs. Graves, 4 Hawks’ Rep. 102, and the case of Herring vs. Glisson, 2 Dev. 156, as being opposed to and of more authority than the case of West vs. Rutledge, 4 Dev. 41. It is sufficient to say, that in the latter case the court reviews the decisions in the two former cases, and upon the most unanswerable reasons, overrules them; those casees are therefore to be regarded as of no weight whatever. We conclude therefore that the statute 5 George I, is in force, and that after verdict no judgment can be reversed for any variance in the writ from the declaration either in form or substance.
Let the judgment be affirmed.